UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                **ORDER**
                                    Crim. File No. 12-253-003 (MJD/JSM)

DAMIEN DWAYNE EASTLING,

        Defendant.

---

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

Damien Dwayne Eastling, pro se.

---

This matter is before the Court on the Government's Motion to Confirm Waiver of Attorney-Client Privilege. [Docket No. 490]

On January 17, 2013, Damien Dwayne Eastling ("Defendant") pleaded guilty to one count of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841 (a)(1), § 841 (b)(1)(A) and § 846. After his September 20, 2013 sentencing, Defendant timely filed a Pro Se motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. [Docket No. 487] In his motion, Defendant argues that defense counsel Glenn P. Bruder, Esq., provided ineffective assistance by (1) failing to investigate the application of a two-level

1

enhancement in his base-offense level regarding possession of a firearm; (2) failing to put the burden on the Government to show a nexus between the firearm and the Defendant's criminal misconduct; and (3) failing to fully advise Defendant about the terms of his guilty plea and his possible sentence.

In response to Defendant's section 2255 motion, the Government filed the instant Motion, claiming that in order to properly address Defendant's arguments, Bruder will need to testify at a hearing or provide an affidavit revealing otherwise privileged communications. [Docket No. 490] Defendant responded and refused to waive the attorney-client privilege with respect to any part of Bruder's representation. [Docket No. 495]

A defendant may waive attorney-client privilege expressly or impliedly. See Tasby v. United States, 504 F.3d 332, 336 (8th Cir. 1974); see also United States v. Montenegro, Crim. No. 11-280, 2013 WL 6044405, at *1 (D. Minn. Nov. 14, 2013) (Davis, C.J.) (granting the government's motion to confirm waiver of attorney-client privilege where defendant expressly waived the privilege by filing a confirmation of the waiver).

When a defendant asserts ineffective assistance of counsel arguments in a section 2255 motion, a court may conclude that the defendant impliedly waived

the attorney-client privilege with regard to those claims.  See, e.g., Crusoe v. United States, Nos. C10–0002–LRR, CR05–0071–LRR, 2012 WL 877018, at *2 (N.D. Iowa Mar. 15, 2012) ("A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim."); Allen v. United States, No. 4:07-CV-00027 ERW, 2011 WL 4729819, at *4 (E.D. Mo. Oct. 7, 2011) (finding that by alleging ineffective assistance of counsel, petitioner "waived attorney-client privilege as to the matters he challenges.").  A defendant is not "free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege."  Tasby, 504 F.3d at 336.

    Here, the Court finds that by calling into question privileged conversations with his counsel, Defendant impliedly waived attorney-client privilege with respect to those claims.  A limited waiver of attorney-client privilege is necessary for the Government to defend the third prong of Defendant's ineffective assistance argument, alleging that Bruder failed to adequately inform Plaintiff of the terms of his guilty plea and his possible sentence.

    However, because Defendant has objected to the waiver, the Court will grant Defendant the choice of withdrawing the third prong of his section 2255

motion or allowing a limited waiver of his attorney-client privilege.  See United States v.  Clark, No. 1:10-cr-366, 2013 WL 74616 (W.D. Mich. Jan. 7, 2013) (ordering petitioner to choose between withdrawing his section 2255 claim or waiving attorney-client privilege after petitioner moved to maintain the privilege).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED:**

1. That to maintain the attorney-client privilege with respect to the third prong of his section 2255 motion [Docket No. 487], Defendant shall within **14 days** file a notice withdrawing the third prong of his motion; and, further,

2. If Defendant fails to timely withdraw the third prong of his section 2255 motion, this Court will enter an order granting Attorney Bruder leave to file an affidavit addressing the third prong of Defendant's section 2255 motion; and,

3. The Government will have **30 days** to obtain an affidavit from Attorney Bruder and an additional **30 days** thereafter to prepare its response to Petitioner's section 2255 motion.

Date:   January 26, 2015

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court

4