UNITED STATES OF AMERICA,

                    Plaintiff,

v.                                          **ORDER**
                                            Crim. File No. 12-253-003 (MJD/JSM)

DAMIEN DWAYNE EASTLING,

                    Defendant.

Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

Damien Dwayne Eastling, pro se.

## I.     INTRODUCTION

This matter is before the Court on Petitioner Damien Dwayne Eastling's

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody.  [Docket No. 487]

## II.    BACKGROUND

On October 15, 2012, Petitioner Damien Dwayne Eastling ("Petitioner")

was charged with Count 1: Conspiracy to Distribute Heroin in violation of 21

U.S.C §§ 841(a)(1), 841 (b)(1)(A) and 846, as well as seven other counts alleging

possession and distribution of heroin.  [Docket No. 1]  On January 17, 2013,

Petitioner pled guilty to Count 1 pursuant to a written plea agreement.  [Docket Nos. 283, 286]  On September 26, 2013, this Court sentenced Petitioner to 120 months imprisonment and five years of supervised release, while dismissing all other counts against Petitioner.  [Docket Nos. 450, 469]

Petitioner filed the instant § 2255 motion on September 4, 2014, alleging that his attorney, Glenn P. Bruder, Esq. ("Bruder") deprived him of constitutionally adequate assistance of counsel by (1) failing to investigate a two-level enhancement for possession of a firearm; (2) failing to put the burden on the government to show a nexus between the firearm and Petitioner's criminal misconduct; and (3) failing to fully inform him of the consequences of his guilty plea (the "third prong" of Petitioner's § 2255 motion).  [Docket No. 487]

On September 29, 2014, the Government filed a Motion to Confirm Waiver of Attorney-Client Privilege, arguing that in order to properly address Petitioner's allegations, Bruder would either need to testify at a hearing or provide an affidavit disclosing otherwise privileged communications with Petitioner.  Ultimately, the Court granted the Government's motion only insofar as it related to the third prong of Petitioner's § 2255 motion.  The Government filed Bruder's sealed affidavit with the Court on May 8, 2015.

**A.      Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act
of Congress claiming the right to be released upon the ground that
the sentence was imposed in violation of the Constitution or laws of
the United States, or that the court was without jurisdiction to
impose such sentence, or that the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral
attack, may move the court which imposed the sentence to vacate,
set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of
constitutional rights and for a narrow range of injuries that could
not have been raised on direct appeal and, if uncorrected, would
result in a complete miscarriage of justice.  A movant may not raise
constitutional issues for the first time on collateral review without
establishing both cause for the procedural default and actual
prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant is actually

innocent.  Bousley v. United States, 523 U.S. 614, 622 (1998).

**B.      Ineffective Assistance of Counsel**

In order to be granted habeas relief for ineffective assistance of counsel,

Petitioner must establish both that his counsel's performance "fell below an

objective standard of reasonableness," and that the deficient performance

prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).

3

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a strong presumption that counsel's conduct falls within that range. Strickland, 466 U.S. at 689. The burden is on Petitioner to show a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687). The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

### C. Evidentiary Hearing

A petitioner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

**D.    Analysis**

At his plea hearing, Petitioner testified that he was guilty of a conspiracy

to distribute one kilogram or more of heroin. ([Docket No. 493] Plea Hr'g Tr. pp.

3-4, 20, 25.)  Petitioner also testified that he understood that his offense carried a

mandatory minimum sentence of 10 years imprisonment.  (Id. pp. 4-5.)

Petitioner testified that he knowingly, voluntarily, and intelligently gave up his

rights to enter a plea of guilty.  (Id. p. 20.)  Given Petitioner's testimony, and

having been sentenced to the mandatory minimum sentence of 120 months,

Petitioner cannot now claim that he was prejudiced by alleged deficiencies in his

counsel's representation, because it cannot be said that but for his counsel's

alleged errors, the outcome would have been different.  Strickland, 466 U.S. at

689.

Nevertheless, for the sake of conducting a thorough analysis of Petitioner's

claims, the Court will assess each Petitioner's arguments in turn.

1.    **Investigation Related to the Two-Level Enhancement for
       Possession of a Firearm**

Petitioner argues that Bruder failed to "investigate" a two-level sentencing

enhancement for possession of a firearm.  Insofar as Petitioner is claiming that

his attorney failed to research the facts surrounding the seizure of his firearm, the

record shows that these facts were never in dispute.  In his § 2255 memorandum, Petitioner plainly recites the facts illustrating law enforcement's seizure of the firearm.  ([Docket No. 488] Mem. Supp. p. 3.)  Moreover, during his plea hearing, Petitioner answered in the affirmative when asked whether he possessed a stolen firearm at his residence.  (Plea Hr'g Tr. pp. 22-23.)  The Court is not persuaded that Petitioner's counsel provided objectively unreasonable assistance of counsel by failing to investigate undisputed facts.

2. **Nexus**

Next, Petitioner argues that his counsel did not adequately argue against a two-level firearm enhancement during sentencing.  He claims that his counsel did not put the burden on government to show that the weapon had an appropriate nexus to his criminal misconduct.  Petitioner also claims that Bruder failed to argue to the Court that confidential informants never witnessed Petitioner with a firearm.

The record contradicts Petitioner's claims.  At sentencing, Bruder argued the absence of a nexus, stating "[t]here's no evidence in this case that there was any kind of nexus between the gun that was found in [Petitioner's] home and the criminal activity in this case."  ([Docket No. 494] Sentencing Tr. p. 3.)  Bruder also argued that "[n]o witness or informant or anyone else has given any indication

that [Petitioner] had a gun at any time that he was involved in this conspiracy."

(Id. at p. 4.)  Finally, he argued that Petitioner merely had the gun for personal

protection purposes, noting the lack of any connection between the firearm and

the criminal offense.   (Id.)

        3.     **"Relevant Conduct" and Consequences of Pleading Guilty**

Petitioner claims that Bruder failed to specify the actual drug amount that

Petitioner was to plead to, and failed to explain the issue of how his co-

defendants' relevant conduct could affect his sentencing under U.S.S.G. § 1B1.3.

Lastly, he argues that his counsel was ineffective for having not raised the issue

of Petitioner's relatively minor role in the conspiracy.

Again, the record does not support Petitioner's claims.  As noted above, at

Petitioner's plea hearing, Petitioner affirmed that he understood his plea

agreement (pl. hr'g tr. p. 13) and that he was satisfied with his attorney's

representation (id. p. 19).  Petitioner specifically acknowledged that he was

pleading guilty to a conspiracy to distribute one kilogram or more of a mixture

and substance containing a detectable amount of heroin.  (Id. pp. 3-4.)  Finally, at

Petitioner's sentencing, Bruder argued that Petitioner was merely a "delivery

carrier," warranting further consideration by the Court as to whether Petitioner

should be sentenced as a minor participant in the conspiracy.

Bruder's affidavit also belies Petitioner's claims. Bruder testified that he met with Petitioner several times to discuss the facts of the case as well as any possible defenses. ([Docket No. 522] Bruder Aff. ¶ 5.) With Petitioner's permission, Bruder negotiated a plea agreement with the Government. (Id. p. 6.) Upon receipt of the Government's proposed plea agreement, Bruder replied by letter seeking multiple changes, including a quantity reduction from one kilogram to 500 grams. (Id., Ex. 2, Letter from Bruder to Attorney Thomas M. Hollenhorst, dated November 15, 2012.) After several discussions with Petitioner about the terms of his plea deal, Petitioner decided to accept the plea agreement. (Bruder Aff., ¶¶ 7, 8.)

Based upon the record before it, the Court rejects Petitioner's claim that Bruder provided constitutionally inadequate assistance by failing to advise Petitioner as to the consequences of his guilty plea. Petitioner has not demonstrated that his counsel's representation fell below an objective standard of reasonableness sufficient to grant Petitioner habeas relief. Strickland, 466 U.S. at 688. The Court denies Petitioner's § 2255 motion.

### E.     Request for Evidentiary Hearing

The Court denies Petitioner's request for an evidentiary hearing because the motion, files, and records conclusively show that Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); <u>Engelen</u>, 68 F.3d at 240.

**F.    Certificate of Appealability**

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Therefore, the Court denies a Certificate of Appealability.

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.    Petitioner Damien Dwayne Eastling's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 487] is **DENIED**.

2.    Petitioner's request for an evidentiary hearing is **DENIED.**

3.    A Certificate of Appealability is **DENIED** in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  July 27, 2015                    s/ Michael J. Davis
                                        Michael J. Davis
                                        United States District Court