UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA

Criminal Case No. 12-253

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

(3) DAMIEN DWAYNE EASTLING

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion [Docket No. 595] is:

☒ GRANTED.  As admitted by the Government, Defendant has exhausted his administrative

remedies. The Court finds that "extraordinary and compelling reasons" warrant a sentence

reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Defendant suffers from sclerosing mediastinitis, a

progressive, chronic lung condition of unknown origin that causes fibrous growths in the

mediastinum and asthma. (Def. Ex. 12) The CDC lists "[p]eople with chronic lung disease or

moderate to severe asthma" as a category of people "who are at high risk for severe illness from

COVID-19."  (Def. Ex. 13.)  Additionally, USP Marion has significant active COVID-19 cases.

The Court finds that the factors under 18 U.S.C. § 3553(a) support reducing Defendant's sentence.

As the Court noted at the time of the original sentencing, the statutory mandatory minimum

sentence of 120 months was higher than necessary to accomplish the goals of sentencing under §

3553(a).  Defendant has demonstrated that he has matured and worked towards rehabilitation.

Although he was disciplined for fighting and another violation in 2015 and 2016, there is no evidence of any disciplinary issues since then; he has invested time in taking many prison classes; and he has been transferred to a minimum security camp. He has served more than 75% of his sentence.  (Def. Ex. 2.)

☒ The defendant's previously imposed sentence of imprisonment of 120 months is reduced to time served.

If the defendant's sentence is reduced to time served:

☒       This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

☒ The defendant's five-year supervised release term shall begin upon his release.  The defendant's conditions of supervised release as described in the Amended Judgment [Docket No. 469] shall remain unchanged, with the exception that the Court adds the

following additional condition of release: If eligible, the defendant shall reside for a period of up to 120 days in a Community Correction Center as approved by the probation officer and shall observe the rules of that facility.

IT IS SO ORDERED.

Dated:   August 17, 2020

**s/ Michael J. Davis**

The Honorable Michael J. Davis
UNITED STATES DISTRICT COURT
